IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-cv-779-WKW-JTA |
| | ) |
| MONTGOMERY AREA TRANSIT | ) |
| SYSTEM (MATS), INC., et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e). This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 3.)

For the reasons stated herein, the undersigned finds that this action is due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2).

**I. STANDARD OF REVIEW**

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits

under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324.

A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Id.* at 325. In other words, a complaint is frivolous when it "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Neitzke,* 490 U.S. at 327. "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id*. (quoting *Twombly*, 550 U.S. at 555, 557).  In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint.  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' "  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Yet any leniency cannot serve as a substitute for pleading a proper cause of action.  *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").  "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.  FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On September 29, 2020, Plaintiff Peter J. Smith ("Plaintiff"), proceeding *pro se*, filed a Complaint against Montgomery Area Transit System, Inc. ("MATS"); Kevin Miller, Administrator of MATS; and an unidentified male bus driver.  (Doc. No. 1 at 1, ¶ 2.) Plaintiff appears to allege that his constitutional rights were violated when the unidentified bus driver "refused seating" to Plaintiff on the campus of Auburn University at Montgomery on April 15, 2020.[1]  (*Id*. at 2.)  Plaintiff identifies himself as a "homeless U.S. Citizen" and "Black American male."  (*Id*. at 3.)  Plaintiff requests "relief for 42 U.S.C. [sic] intentional infliction of emotional distress, pain and suffering, punitive damages and compensatory damages . . . ."  (*Id*. at 4.)  Plaintiff alleges "[t]he large hybrid buses in question were given to the City of Montgomery, Alabama by the Former President of the United States . . . Barrack [sic] Obama."  (*Id*.)

On March 2, 2021, after a thorough discussion regarding the deficiencies found within Plaintiff's Complaint, the court directed Plaintiff to file an amended complaint by March 17, 2021 that complied with the Federal Rules of Civil Procedure and the specific requirements set forth in the order.  (Doc. No. 5.)  Plaintiff was specifically cautioned that his failure to comply with the court's directives could result in the dismissal of his case.  (*Id*. at 6.)  Plaintiff did not respond.  On March 29, 2021, the court directed the plaintiff to show cause why his case should not be dismissed due to his failure to prosecute the action. (Doc. No. 6.)  In response, Plaintiff listed numerous factual allegations in a muddled and

---

[1] The allegations contained in the Complaint lack clarity regarding how the conduct of the named defendants violated Plaintiff's constitutional rights.

inarticulate fashion, including the unconstitutionality of discrimination in bus seating, "[v]iolation of 42 U.S.C. posted on every MATS bus[,]" "race and gender discrimination[,]" a "right to trial by jury if the amount in question is $20 or more[,]" that "no public servant can violate the constitutional rights of another individual while under 'color of law' . . . while serving in their official capacity[,]" as well as allegations regarding an unlawful termination from his State of Alabama merit system position on October 8, 2004. (Doc. No. 7 at 1-6.) In his response, Plaintiff stated no factual reason as to why he failed to file an amended complaint by the court's March 2021 deadline nor did he seek leave to file an amended complaint.

### III. JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff appears to allege claims under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964.

### IV. DISCUSSION

The undersigned has carefully reviewed the Complaint in this case pursuant to 28 U.S.C. § 1915(e). Upon review, the undersigned finds that Plaintiff's allegations are too vague and conclusory to state a federal claim. Therefore, this case should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

A. Section 1983 Claim

To state a plausible claim under § 1983, a plaintiff must allege "(1) a violation of a constitutional right;[2] and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) (citations omitted). Here, Plaintiff's claim against MATS is really a claim against the City of Montgomery. A municipality is not a "person" answerable to Plaintiff in an action under 42 U.S.C. § 1983 unless the actions of the municipality rise to the level of a custom or official policy, or if the municipality tacitly authorizes the actions or displays deliberate indifference towards the misconduct. *See Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). Plaintiff has alleged no such policy, custom, or tacit authorization in his Complaint. Therefore, Plaintiff has failed to state a claim against MATS under § 1983.

To the extent Plaintiff is asserting a claim under 42 U.S.C. § 1983 against Miller by virtue of his supervisory position with MATS, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

---

[2] Presumably, Plaintiff is alleging a constitutional violation of the Equal Protection Clause.

> Violations of the Equal Protection Clause are actionable under § 1983. *See, e.g., Hill v. Cundiff*, 797 F.3d 948, 976 (11th Cir. 2015). Among other things, "[t]he Equal Protection Clause ensures a right to be free from intentional discrimination based upon race." *Williams v. Consol. City of Jacksonville*, 341 F.3d 1261, 1268 (11th Cir. 2003).

*Arrington v. Miami Dade Cty. Pub. Sch. Dist.*, 835 F. App'x 418, 420 (11th Cir. 2020).

Under § 1983, supervisory liability occurs only when the supervisor personally participates in the alleged misconduct or when there is a causal connection between the supervising official's actions and the alleged constitutional deprivation. *Childress v. Walker*, 943 F. Supp. 2d 1332, 1350 (M.D. Ala. 2013) (noting that "[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous" (internal quotation marks omitted)).  Plaintiff has not alleged any facts which allow this court to draw the reasonable inference that Miller personally participated in the conduct at issue in Plaintiff's Complaint.  Accordingly, Plaintiff's Complaint fails to state a claim for relief against Miller under § 1983.

To the extent Plaintiff alleges a § 1983 claim against the unidentified bus driver, his claim must fail.  Plaintiff fails to identify the bus driver and federal courts do not allow fictitious-party practice. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."); *see* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  In addition, presuming Plaintiff claims that the unidentified bus driver was acting under color of state law,[3] that conclusion without more is insufficient to establish the unidentified bus driver is a state actor.  *See Iqbal*, 556 U.S. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Thus,

---

[3] (*See* Doc. No. 7 at 4) (alleging "[n]o public servant can violate the Constitutional Rights of another individual while under 'color of law,' that is while serving in their official capacity . . . as a city bus driver").

7

Plaintiff's Complaint fails to state a claim for relief against the unidentified bus driver under § 1983.

B. Title VI Claim

Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. In that regard, Plaintiff appears to allege that MATS is a "recipient of federal financial assistance" as he alleges that the MATS buses were given to the City of Montgomery by Former President Obama (Doc. No. 1 at 4; Doc. No. 7 at 3) and alleges MATS has received over $6 million in "CARES ACT Money" (Doc. No. 7 at 7). To the extent Plaintiff alleges gender discrimination under Title VI, his claim fails as a matter of law because Title VI does not prohibit discrimination based on sex. 42 U.S.C. § 2000d.

In addition, Plaintiff's Complaint fails to state a plausible claim for relief under Title VI for race discrimination. "Title VI's protection extends no further than that already afforded under the Equal Protection Clause of the Fourteenth Amendment." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1202 (11th Cir. 1999). Hence, the equal-protection analysis generally applies to Title VI claims as well. *Arrington*, 835 F. App'x at 420 (citing *Elston v. Talladega Cty. Bd. of Educ.*, 997 F.2d 1394, 1405 n.11 (11th Cir. 1993) ("Our equal protection discussion should be understood as disposing of plaintiffs' Title VI statutory claims as well.")). Here, Plaintiff purportedly asserts in conclusory terms that he was subject to "race discrimination" since he was "refused seating" on a MATS bus. (Doc. No.

1 at 2; Doc. No. 7 at 2.)  However, those assertions are insufficient because "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Arrington*, 835 F. App'x at 421 (citation omitted).  Plaintiff must plead sufficient factual content from which it would be reasonable to infer that his rejection as a passenger on the MATS bus was due to his race.  Plaintiff alleges he "paid [his] full fare to go to the store and [he]was not given a ride for money [he] paid nor given a refund . . ." (Doc. No. 1 at 3), but without additional information, it is far too speculative to infer that he was denied transportation because of his race.  Thus, Plaintiff's Title VI claim against MATS fails.

Further, Plaintiff cannot properly assert a Title VI claim against the individual defendants.  *See Shotz v. City of Plantation, Florida*, 344 F.3d 1161, 1170 (11th Cir. 2003) ("[T]he text of Title VI also precludes liability against those who do not receive federal funding, including individuals."); *Aguirre v. San Leandro Police Dept.*, No. 10–04364 CW, 2011 WL 738292, at *3 (N.D. Cal. Feb. 22, 2011) ("Because Title VI is directed at programs that receive federal assistance, there is no right of action against individual employees or agents of those entities.").  Hence, Plaintiff's claims under Title VI against Miller and the bus driver fail as a matter of law.

    C.    State Law Claim

Plaintiff has yet to assert a properly-pleaded federal cause of action which permits supplemental jurisdiction over the state law claim.  *See* 28 U.S.C. §§ 1331, 1367(a).  Because the undersigned recommends that Plaintiff's claims under § 1983 and Title VI are due to be dismissed, the undersigned also recommends that the court decline to

exercise supplemental jurisdiction over Plaintiff's remaining claim under state law for intentional infliction of emotional distress. *See Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1185 (11th Cir. 2003) (a district court may decline supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction") (quoting 28 U.S.C. § 1367(c)(3)); *also Kamel v. Kenco/Oaks at Boca Raton, LP*, 321 F. App'x 807, 811 (11th Cir. 2008) (referring to as "well settled in our circuit" that district courts should dismiss state law claims when the federal claims are dismissed). Hence, Plaintiff's claim for intentional infliction of emotional distress is due to be dismissed without prejudice to his right to pursue it in state court.[4]

D. Amendment

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed. R. Civ. P. 15(a). Here, Plaintiff was provided fair notice of the defects contained within his Complaint and was provided a meaningful opportunity to remedy the defects identified by the court. Because Plaintiff failed to take advantage of the opportunity to amend prior to entry of this Recommendation, the undersigned finds that affording Plaintiff another opportunity is not warranted.

V. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

---

[4] Notably, Plaintiff has not established diversity jurisdiction over his state law claim as no diversity of citizenship between the parties has been alleged. *See* 28 U.S.C. § 1332.

It is further

ORDERED that on or before **January 24, 2022**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of January, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE